IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL ACTION NO. |
| | : 1:11-CR-427-TWT-CCH |
| CHARLES HORTON | : |
| | : |

**ORDER FOR SERVICE OF REPORT AND RECOMMENDATION**

Attached is the Report and Recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Criminal Local Rules 12.1(E) and 58.1(A)(3).

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. Failure to file an objection to the Report and Recommendation waives a party's right to review. Fed. R. Crim. P. 59(b)(2).

Pursuant to 18 U.S.C. 3161(h)(1)(D), the above referenced fourteen (14) days allowed for filing objections are **EXCLUDED** from the computation of time under the Speedy Trial Act. At the end of such fourteen-day period, if there are no objections, the Clerk is **DIRECTED** to submit this Report and Recommendation to the District Judge. If there are objections, the other party or parties shall have fourteen (14) days from the filing of those objections to respond, and that fourteen-day period shall also be **EXCLUDED** from the computation of time under the Speedy Trial Act. Thereafter, the Report and Recommendation along with any objections and responses shall be submitted to the District Judge.

After such submission of this Report and Recommendation to the District Judge, whether or not any objection has been filed, the Clerk is **DIRECTED** to **EXCLUDE** from the computation of time under the Speedy Trial Act the time, up to thirty (30) days, that this Report and Recommendation is under advisement before the District Court. *Henderson v. United States*, 476 U.S. 321, 331 (1986) (the Speedy Trial Act "exclude[s] all time that is consumed in placing the trial court in a position to dispose of a motion"); *United States v. Mers*, 701 F. 2d 1321, 1337 (11th Cir. 1983)

2

("[T]he magistrate and the district court have thirty days each during which to take pretrial motions under advisement.").

IT IS SO ORDERED this 21th day of October, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL ACTION NO. |
| : | 1:11-CR-427-TWT-CCH |
| CHARLES HORTON : | |
| : | |

**REPORT AND RECOMMENDATION**

Defendant is alleged to be a convicted felon and is charged in this indictment with causing, and with conspiring with others to have, false representations entered on Firearm Transaction Records in the Northern District of Georgia relating to guns which he had others purchase for him.

Defendant was arrested on these charges in Buffalo, New York and, pursuant to Rule 5(c) of the Federal Rules of Criminal Procedure, was ordered on September 14, 2011, to be transported to this district to answer to the charges in the indictment [32].

This action is before the Court on Defendant's Motion to Dismiss [27] (the "Motion"), which is titled as a motion under Rule 60(b) seeking relief from a final

judgment order or proceeding.[1]  In the Motion Defendant states that, when he appeared before a magistrate judge in Buffalo, New York following his arrest, he was told that he must be brought to Georgia to appear before a judge in Georgia within fourteen (14) days of his initial appearance in Buffalo.  He alleges that on September 28, 2011, fourteen days after his initial appearance, he was still being held in Buffalo.  He did not appear in this district until October 5, 2011, when he appeared before the undersigned [28].  He seeks dismissal of the indictment of the ground that he was not transported to Georgia in the time required by law.  For the reasons stated below, it is **RECOMMENDED** that the Motion [27] be **DENIED**.

There is no absolute time limit in Rule 5 of the Federal Rules of Criminal Procedure, or anywhere else to this Court's knowledge, for transferring a defendant from the district of his arrest to the district of the alleged offense.  Under the Speedy Trial Act (18 U.S.C. 3161), however, if it takes more than ten (10) days to transport a defendant from one district to another that time shall be presumed to be unreasonable and, unless it can overcome that presumption, the Government cannot

---

[1] Rule 60(b) has no applicability to a criminal proceeding, such as this, it is part of the Federal Rules of Civil Procedure.  The Motion, however, seeks dismissal, and accordingly, the Court will consider it to be a motion to dismiss.

2

exclude that time from the limited time it has to try a defendant. 18 U.S.C. 3161(h)(F).

Thus, Defendant's remedy for slow transport to this district is not dismissal of the indictment, but is found in the Speedy Trial Act in the form of a presumption that the Government's time to commence the trial of his case is not extended by anytime in excess of ten days that it took to transport him from Buffalo, New York to the Northern District of Georgia.

## RECOMMENDATION

For the above reason, the undersigned **RECOMMENDS** that Defendant's Motion [27] be **DENIED.**

**IT IS SO RECOMMENDED** this 21th day of October, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

3