IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

CHARLES HORTON
also known as
Charlie Horton,

    Defendant.

CRIMINAL FILE NO.
1:11-CR-427-1-TWT

**ORDER**

This is a criminal action. It is before the Court on the Report and Recommendation [Doc. 281] of the Magistrate Judge recommending denying the Defendant's Motion to Vacate Sentence [Doc. 230]. On May 18, 2012, the Defendant was convicted of two counts of making false statements to a firearms dealer, six counts of possession of a firearm by a convicted felon, one count of conspiracy and one count of illegally transporting a firearm across state lines. On August 6, 2012, the Defendant was sentenced to a total of 205 months of imprisonment. On June 11, 2013, the Court of Appeals affirmed the Defendant's conviction and sentence on direct appeal. His Petition for Rehearing En Banc was denied on January 16, 2014. The Defendant filed a pro se Motion to Vacate Sentence [Doc. 230] on January 20,

2015. In Ground VI, he claimed ineffective assistance of counsel. In his motion, the Defendant made this claim: "In this case, Petitioner claims that he received ineffective assistance of counsel because counsel did not communicate the government's plea offer to him. He also claims that if his counsel had properly informed him of his sentencing range if he went to trial versus pleading guilty, he would have plead guilty." In the two and one-half years since his trial, the Defendant obviously forgot the overwhelming weight of evidence in the record proving that these two claims are completely false. The evidence conclusively refuting these claims is set forth in pages 18 through 21 of the Report and Recommendation. Any testimony by the Defendant that he wanted to plead guilty under any circumstances is a total fabrication. Any claim based upon a desire by the Defendant to plead guilty is totally without merit. The Defendant insisted upon going to trial and now must bear the consequences.

The Court appointed counsel to represent the Defendant at the evidentiary hearing on his claim of ineffective assistance of counsel at trial. Her Objection that counsel was ineffective for failing to *timely* notify the Defendant of the Government's plea offer before it was revoked is a new claim that was not made in the Defendant's Motion to Vacate Sentence. Therefore, it is barred by the one year statute of limitations of 28 U. S. C. § 2255(f) unless it related back to the original filing. If a prisoner amends his § 2255 motion after the statute of limitations expires, the new

claims are untimely unless they relate back under Rule 15(c) to one of the claims in the original motion.[1] "'Relation back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed."[2] A pleading relates back to the original pleading when the pleading asserts a claim "that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading."[3] For a claim to relate back in a § 2255 proceeding, "the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings."[4] "Instead, in order to relate back, the untimely claim must have arisen from the same set of facts as the timely filed claim, not from separate conduct or a separate occurrence in both time and type."[5] "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order."[6] An amendment that serves to expand facts or cure deficiencies in

---

[1] Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000).

[2] Id.

[3] Fed. R. Civ. P. 15(c)(1)(B).

[4] Davenport, 217 F.3d at 1344.

[5] Id. (quotation marks and citations omitted).

[6] Mayle v. Felix, 545 U.S. 644, 664, 125 S. Ct. 2562, 2574, 162 L.Ed.2d 582 (2005).

an original claim relates back to the original claim.[7] This new claim does not arise out of the facts alleged in the original claim, i.e., that counsel failed to inform the Defendant at all of the Government's plea offer. The Government was not on notice until after the evidentiary hearing that counsel would be making this new claim. Therefore, it is barred.

In any event the claim fails both prongs of the Strickland analysis. I totally credit Mr. O'Brien's testimony at the evidentiary hearing and completely reject as unbelievable the Defendant's testimony. The Defendant never intended to plead guilty. He insisted upon going to trial against the advice of his attorney. After Ms. Dawson filed her Objections, the Defendant made repeated complaints about her handling of his case, just as he made repeated complaints about Mr. O'Brien. After repeated pro se filings, I warned the Defendant that he would either proceed with appointed counsel or pro se. He continued to make pro se filings and I allowed counsel to withdraw. The Defendant's pro se Objections to the Report and Recommendation were filed when the Defendant was represented by counsel.

---

[7] Dean v. United States, 278 F.3d 1218, 1223 (11th Cir. 2002) (per curiam). See also Mabry v. United States, 336 Fed. Appx. 961, 962–63, 2009 WL 2038627, at *1 (11th Cir. July 15, 2009) (bold emphasis added); see also United States v. Hames, 431 Fed. Appx. 846, 847, 2011 WL 2471482, at *1 (11th Cir. June 22, 2011) ("An amendment 'relates back' to the date of the original pleading if it, 'asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out ... in the original pleading.'") (quoting Fed. R. Civ. P. 15(c)(1)(B)).

Therefore, the Objections are DENIED pursuant to Local Rule 83.1(D)(2).

The Defendant's pro se Motion to Amend his Motion to Vacate Sentence [Doc. 289] is DENIED. The new claim is barred by the one year limitation period of 28 U. S. C. § 2255. The second pro se Motion to Amend [Doc. 298] to add unspecified new substantive claims is DENIED for the same reason. The pro se Motion to Remove Allison Dawson as Counsel [Doc. 284] is GRANTED.

The Court approves and adopts the Report and Recommendation as the judgment of the Court. The Defendant's Motion to Vacate Sentence [Doc. 230 & 240] is DENIED.

SO ORDERED, this 5 day of September, 2017.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge